UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- )
ROBERT GOLDBLATT                                                       )
                                                                       )   Case No: 18-cv-00265
                              Plaintiff,                       )
                                                                       )
        -against-                                                     )   **COMPLAINT**
                                                                       )
NEW YORK INSTITUTE OF TECHNOLOGY                                       )
                                                                       )   **PLAINTIFF DEMANDS**
                              Defendant.                       )   **A TRIAL BY JURY**
---------------------------------------------------------------------- )

      Plaintiff, Dr. Robert Goldblatt, by and through his attorneys, Gregory A. Tsonis, PLLC, as and for his complaint against the defendant, alleges as follows:

## NATURE OF THE CLAIM

      1.    This action is brought by Plaintiff to recover damages pursuant to the Age Discrimination in Employment Act of 1967, as codified, 29 USC §§621, et seq., as well as all applicable New York State anti-discrimination laws, to remedy acts of employment discrimination and retaliation perpetrated against him by Defendant, New York Institute of Technology ("NYIT") based on his age (over 40). This action is also brought due to NYIT's breach of the tenure agreement under which Dr. Goldblatt's employment was protected.

## JURISDICTION

      2.    This Court has jurisdiction over the federal claims presented herein pursuant to the the Age Discrimination in Employment Act, 29 USC§ 621, et. Seq.

      3.    This Court has jurisdiction over the New York State Law claims presented herein pursuant to 28 U.S.C.A. § 1367 (a).

## PARTIES

4. Plaintiff, a resident of Nassau County, New York, and was a full-time tenured employee of NYIT since 1979 through his termination in March of 2017.

5. Upon information and belief, NYIT is a private research university wth over 20 employees with locations including, but not limited to, Old Westbury, New York.

## FACTS

6. As stated above, Dr. Goldblatt was employed by the New York Institute of Technology ("NYIT") for thirty-eight (38) years, since 1979.

7. Dr. Goldblatt worked as a tenured professor (since 1985) and fully licensed psychologist teaching students and treating patients without any complaints or blemishes on his record of employment.

8. His employment contract with NYIT was renewed on numerous times since 1979 without fail.  His work at NYIT has been exemplary in all facets.

9. Just one month prior to his 67th birthday, on or about March 2, 2017, Dr. Goldblatt was unceremoniously terminated from his employment.

10. Upon information and belief, NYIT's alleged grounds for termination was that Dr. Goldblatt was involved in a physical encounter with a patient in June of 2016.

11. This basis, however, is pretextual in nature as (1) Dr. Goldblatt apprised NYIT, and specifically his supervisor clinic, Brian Harper, M.D., of the June 2016 encounter immediately following the event; (2) in accordance with what was discussed with Dr. Harper at the time, Dr. Goldblatt followed appropriate school and customary doctor/patient therapist procedures and protocol by terminating the patient relationship; and (3) Dr. Goldblatt continued to treat patients and teach students thereafter without any action taken by NYIT up through

March of 2017 and until his termination at which point Dr. Goldblatt was a month away from reaching his 67th birthday.

12. Just prior to his termination, Dr. Goldblatt met with Dr. Harper and NYIT's counsel to discuss the the alleged June 2016 incident. Dr. Goldblatt was not represented by counsel at that meeting, nor was he advised to do so.

13. At the completion of the afore-mentioned meeting, Dr. Goldblatt was sent home and told that he would be returning to work shortly thereafter.

14. Shortly thereafter, through third-party communications, Dr. Goldblatt was notified of his termination. NYIT never contacted Dr. Goldblatt directly regarding the termination.

15. No investigation was conducted by NYIT into allegations stemming from the encounter and that all due process rights belonging to Dr. Goldblatt pursuant to his employment contract and tenured position with the school were outright ignored.

16. Dr. Goldblatt was not given the right to a proper investigation or a right to a hearing. Moreover, especially given his clean record with the school, NYIT acting impulsively and irrationally as to adverse action taken against Dr. Goldblatt's employment.

17. It is apparent, therefore, that another motive led to the termination of Dr. Goldblatt and that his age played a factor.

18. The basis for NYIT's termination of Dr. Goldblatt was his age in violation of the aforementioned laws.

19. Dr. Goldblatt is aware of similar age discrimination towards former colleages at NYIT during the course of his tenure.

20. As a result of termination based on age, in violation of Title 29 U.S.C.A. (age discrimination), Plaintiff brings this action to recover from the defendant unpaid damages to be determined at trial.

21. On or about August 2, 2017, Dr. Goldblatt filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). By letter, dated October 16, 2017, Dr. Goldblatt was granted permission to bring the instant action. A copy of the EEOC letter is annexed hereto as Exhibit "A". Dr. Goldblatt received the EEOC letter on October 18, 2017.

22. Plaintiff has commenced this action within ninety (90) days. Sixty (60) days has elapsed since the filing of Dr. Goldblatt's EEOC charge.

**FIRST CLAIM FOR RELIEF**
**(Age Discrimination in Violation of the Age Discrimination in Employment Act (ADEA) 29 USC 621)**

23. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

24. The Defendant's conduct as alleged above constitutes discrimination based on age discrimination in violation of ADEA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

25. As a result of the discrimination against him, Dr. Goldblatt has suffered damages in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**( Age Discrimination in Violation of New York State Human Rights Law § 296 3-a)**

26. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

4

27. Pursuant to the applicable provisions of New York State Human Rights Law, it is unlawful to discriminate against Plaintiff because of his age.

28. The Defendant's conduct as alleged above constitutes discrimination based on age discrimination in violation of NYSHRL § 296 3-a. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

29. As a result of the discrimination against him, Dr. Goldblatt has suffered damages in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### (Breach of Tenure Employment Agreement)

30. As a tenured employee of NYIT, Dr. Goldblatt was entitled to certain due process and notice rights and requirements concerning allegations related to his employment and his termination in connection with which he was deprived prior to and following his termination.

31. As such, NYIT breached its tenure employment agreement with Dr. Goldblatt.

32. As a result of NYIT's material breach of this agreement, Dr. Goldblatt has suffered damages, and is entitled to relief in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against the Defendant on each cause of action as specified herein, together with such other further and different relief that the court deems just.

### CERTIFICATION AND CLOSING

Under Federal Rules of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper

purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation: (2) is supported by eisting law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: Woodbury, New York
January 15, 2018

                                      GREGORY A. TSONIS, PLLC

                                      *s/ gregory tsonis*
                                      Gregory A. Tsonis  (GT-5737)
                                      Attorneys for Plaintiff
                                      *Robert Goldblatt*
                                      6800 Jericho Turnpike, Suite 120W
                                      Syosset, NY 11797
                                      516-393-5876

| Index No. | Year | RJI No. | Hon. |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROBERT GOLDBLATT )
)
                Plaintiff, )
)
   -against- )
)
NEW YORK INSTITUTE OF TECHNOLOGY )
)
                Defendant.

# COMPLAINT

GREGORY A. TSONIS, PLLC
*Attorneys for Plaintiff*
*Office and Post Office Address, Telephone*
6800 Jericho Turnpike, Suite 120W
Syosset, NY 11791

To                                                                                 Signature

………………………………………………….
Print name beneath

Attorney(s) for

Service of a copy of the within                                                                                      is hereby admitted.

Dated,                                                                               ……………………………………………………..
                                                             Attorney(s) for

Please take notice
☐ **NOTICE OF ENTRY**
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ **NOTICE OF SETTLEMENT**
that an order                              of which the within is a true copy will be presented for settlement to the
HON.                              one of the judges of the within named court, at
on                              at                              M

Dated,

                                                                                           Yours, etc.

                                       GREGORY A. TSONIS, PLLC
                                       *Attorneys for Plaintiff*
                                       6800 Jericho Turnpike, Suite 120W
                                       Syosset, NY 11791
                                       (516) 393-5876

To

Attorney(s) for