UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROBERT GOLDBLATT                                                  Case No: 18-cv-00265

                               Plaintiff,

                            -against-                                    **AFFIDAVIT**

NEW YORK INSTITUTE OF TECHNOLOGY

                              Defendant.
---------------------------------------------------------------X

Robert Goldblatt, being duly sworn deposes and says:

1. I submit this affidavit in opposition to Defendant's motion to dismiss the action.

2. I was employed by the Defendant, New York Institute of Technology ("NYIT"), for thirty-eight (38) years, since 1979.

3. Despite NYIT's contention otherwise within its motion to dismiss, I have been a tenured professor with NYIT since at least 1985. Annexed hereto are the following exhibits indicating my tenure with Defendant and/or its subsidiary department, NYIT College of Osteopathic Medicine ("NYCOM"):

    a. Exhibit "A" – Letter, dated July 25, 1988, acknowledging appointment as Associate Professor with tenure.

    b. Exhibit "B" – Faculty Employment Agreement with NYCOM, dated August 19, 1991, with Rider indicating tenure with NYIT;

    c. Exhibit "C" – Faculty Employment Agreement with NYCOM, dated September 1, 1994, with Rider indicating tenure with NYIT; and

    d. Exhibit "D" - Email, dated July 19, 2007, from Cathy Thurau of NYIT stating that

human resource records were adjusted to indicate my tenure.

    e. Exhibit "E" – Memo, dated April 27, 2014, indicating tenure achieved as of 1985.

4. During the entirety of my employment, I have been paid directly by NYIT, regardless of whether I worked within the NYCOM department.

5. In addition to my tenure, I am a fully licensed psychologist.

6. During the course of my employment with NYIT, I have continually received renewal employment contracts and increases in salary from NYIT. My most recent contract renewal was to continue through August 31, 2019 with a salary of $165,140.96. Annexed hereto as Exhibit "F" is a letter, dated June 26, 2014, indicating my employment status at the time of termination.

7. Since the onset of my employment with NYIT, I have taught students and treated patients on behalf of NYIT, during which time my employment record was exemplary and without any complaints or blemishes.

8. During the course of my employment, however, I became aware of a pattern and practice in which NYIT would prematurely terminate older employees, among many other discriminatory practices including, but not limited to, religious discrimination, Title VII violations and gender discrimination. As I mentioned in Paragraph 19 of my Complaint, I am specifically aware of similar age discrimination taking place at NYIT against no less than 10 other employees.

9. It was not surprising to me therefore, that just one month prior to my 67th birthday, on or about March 2, 2017, I also suffered an adverse employment action due to my age.

10. In or around June of 2016, I was subject to an incident with a patient I was treating at NYIT. Immediately following the incident, I followed proper protocol and informed my direct supervisor, Dr. Brian Harper of the events that took place. Following Dr. Harper's direction, I immediately notified NYIT in writing and informed the patient that the doctor/patient relationship was to be terminated effective immediately and offered the patient alternative treatment options with other professionals.

11. At no time thereafter did any investigation ensue regarding the incident, nor was I subject to any subsequent reprimand or adverse employment action related thereto. Rather, I continued to treat all other patients and continued to teach at NYIT without any issue raised by NYIT.

12. In an effort to cover-up NYIT's intention to terminate me based on age, I was asked to meet Dr. Harper again in March of 2017, during which time he asked me about the incident that took place back in June of 2016, almost nine months prior.

13. I was surprised that this issue was raised at that time since the patient incident not only took place many months ago, but also because Dr. Harper was already aware of the incident when I reported it back in June of 2016. In fact, Dr. Harper assisted me in drafting and reviewing the correspondence I sent to NYIT and the patient at that time.

14. During the March of 2017 meeting with Dr. Harper, I became suspect that the school was intent on terminating me because of my age and because of the perceived higher employment costs associated with a veteran employee. Although an attorney for NYIT was present, I was not informed of a right to have an attorney present on my behalf, despite the fact that I was tenured and had rights associated therewith.

15. Following the meeting, I was simply told that I should take a few days off from

work and return the following week. I was later notified, not by NYIT but by a third-party, that I was in fact terminated. Surprisingly, to this day I have not received a formal notice of termination.

16. This practice is similar, if not identical, to NYIT's practices of terminating other elder employees, some of whom I have been in contact with since, and who have informed me of similar circumstances surrounding the cessation of their employment.

17. Further bolstering my belief that the adverse actions against me were discriminatory in nature, I was never given a right to hearing or investigation into NYIT's actions, or in connection with any potential allegations against me arising from the June of 2016 incident. Prior to my termination, I never received any sanctions, reprimands and/or supervision related to my employment despite the alleged presumed basis for termination taking place almost a year prior to my actual termination.

18. Based on my experience, as well as the experiences of other individuals in my protected class, it is apparent that NYIT has a pattern and practice of terminating individuals of advanced age in an effort to suit NYIT's financial or demographic needs.

_____
Robert Goldblatt

Sworn to Before me this
22nd day of August, 2018

_____
Notary Public

MEENA BATRA
Notary Public - State of New York
NO. 01BA6244718
Qualified in Nassau County
My Commission Expires 07/11/2019

4