UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ROBERT GOLDBLATT

                          Plaintiff,           18-cv-00265 (DRH)(GRB)

    -against-


NEW YORK INSTITUTE OF TECHNOLOGY

                         Defendant.
-------------------------------------------------------------x


**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS
<u>PLAINTIFF'S AMENDED COMPLAINT</u>**


                                              Clifton, Budd & DeMaria, LLP
                                            *Attorneys for New York Institute of Technology*
                                            The Empire State Building
                                            350 Fifth Avenue, Suite 6110
                                            New York, New York 10118
                                            Telephone:    (212) 687-7410
                                            Facsimile:     (212) 687-3285


Of Counsel:
Douglas P. Catalano, Esq.
Stefanie R. Toren, Esq.
Stephen P. Pischl, Esq.

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................1
ARGUMENT ...................................................................................................................................2
    I.    PLAINTIFF FAILS TO PLEAD A PLAUSIBLE CLAIM OF AGE DISCRIMINATION UNDER THE ADEA AND THE NYSHRL .........................2
        A.    Standard on a Motion to Dismiss Age Discrimination Claims ..................................................................................................2
        B.    Plaintiff Fails to Allege That But For His Age, He Would Not Have Been Terminated From Employment ..........................................3
    II.    PLAINTIFF FAILS TO STATE A CLAIM OF BREACH OF A TENURE EMPLOYMENT AGREEMENT REQUIRING ITS DISMISSAL ..................................................................................................8
CONCLUSION ..............................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Allis-Chalmers Corp. v. Lueck*,
    471 U.S. 202 (1985) .................................................................................................. 10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................ 1, 2, 3

*Avedisian v. Quinnipiac University*,
    387 Fed. Appx. 59 (2d Cir. 2010) ............................................................................ 10

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................... 2

*Bohnet v. Valley Stream Union Free School Dist. 13*,
    30 F.Supp.3d 174 (E.D.N.Y. 2014) .................................................................... 3, 4, 7

*Brooking v. New York State Dep't of Taxation & Fin.*,
    2016 WL 3661409 (N.D.N.Y. 2016) .......................................................................... 6

*Fink v. Time Warner Cable*,
    810 F.Supp.2d 633 (S.D.N.Y. 2011) .......................................................................... 9

*Fischer v. Mandell LLP v. Citibank, N.A.*,
    632 F.3d 793 (2d Cir. 2011) ........................................................................................ 8

*Gonzalez v. Legends Hospitality*,
    2017 WL 1166344 (E.D.N.Y. 2017) ........................................................................... 7

*Gross v. FBL Fin. Servs., Inc.*,
    557 U.S. 167 (2009) .................................................................................................... 2

*Harewood v. New York City Dept. of Education*,
    2019 WL 3042486 (E.D.N.Y. May 8, 2019) .............................................................. 3

*Littlejohn v. City of New York*,
    795 F.3d 297 (2d Cir. 2015) ........................................................................................ 3

*MacAlister v. Millenium Hotels & Resorts*,
    2018 WL 5886440 (S.D.N.Y. November 8, 2018) ................................................. 3, 7

*Marcus v. Leviton Manufacturing Company, Inc.*,
    661 Fed. Appx. 29 (2d Cir. 2016) ........................................................................... 2, 7

*Martinez v. Vakko Holdings A.S.*,
   2008 WL 2876529 (S.D.N.Y. 2008) ............................................................................... 9

*Oberstein v. SunPower Corp.*,
   2010 WL 1705868 (E.D.N.Y. 2010) .............................................................................. 9

*Porter v. Half Hollow Hills Central School District*,
   2019 WL 4696384 (E.D.N.Y. September 26, 2019) ............................................. 2, 3, 6

*Sosa v. New York City Dept. of Education*,
   386 F.Supp.3d 489 (E.D.N.Y. 2019) ............................................................................. 5

*Soto v. Marist College*,
   2019 WL 2371713 (S.D.N.Y. June 5, 2019) .............................................................. 5, 7

*Testa v. CareFusion*,
   2018 WL 1611378 (E.D.N.Y. April 3, 2018) ................................................................ 4

*Thompson v. ABVI Goodwill Services*,
   531 Fed. Appx. 160 (2d Cir. 2013) ................................................................................ 7

*Vega v. Hempstead Union Free Sch. Dist.*,
   801 F.3d 72 (2d Cir. 2015) ............................................................................................ 3

*Whitehurst v. 1199 SEIU United Healthcare Workers East*,
   928 F.3d 201 (2d Cir. 2019) ........................................................................................ 10

*Williams v. Classic Security*,
   2019 WL 4511953 (S.D.N.Y. September 19, 2019) .................................................. 3, 7

## **RULES**

Federal Rule of Civil Procedure 12(b)(6) ........................................................... 1, 2, 3, 10

**PRELIMINARY STATEMENT**

Defendant New York Institute of Technology ("NYIT") submits this reply memorandum of law in further support of NYIT's motion to dismiss Plaintiff Dr. Robert Goldblatt's ("Plaintiff") Amended Complaint. Plaintiff's Amended Complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) as Plaintiff fails to plead any facts to allege a plausible claim of age discrimination under the Age Discrimination in Employment Act ("ADEA") and the New York State Human Rights Law ("NYSHRL"). Plaintiff merely makes a blanket assertion that NYIT terminated his employment one month prior to his 67th birthday and that two alleged "younger" NYIT employees were not terminated for, "upon information and belief," allegedly engaging in physical altercations at NYIT.[1] These allegations in the Amended Complaint are simply insufficient to plausibly allege that Plaintiff's age was the "but-for" cause of his termination in order to "nudge" Plaintiff's claims against NYIT "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009).

Plaintiff also fails to plausibly allege that NYIT breached its "tenure employment agreement" with Plaintiff by failing to provide him with certain alleged, unspecified notice and due process rights before and after his termination. Significantly, Plaintiff fails to identify whether the alleged agreement contained such protections, thereby resulting in NYIT's alleged breach of the agreement. Moreover, Plaintiff failed to oppose NYIT's argument that Plaintiff's alleged entitlement to tenure stemmed from Plaintiff's purported rights under a collective bargaining agreement ("CBA") between NYIT and NYIT's faculty union, American Association of University Professors at the New York Institute of Technology, Inc. ("AAUP"). As a result,

---

[1] For purposes of this motion only, NYIT construes the facts Plaintiff alleges in his Amended Complaint as true.

Plaintiff's breach of contract claim is preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 1985 ("LMRA"), requiring its dismissal.

## ARGUMENT

I. **PLAINTIFF FAILS TO PLEAD A PLAUSIBLE CLAIM OF AGE DISCRIMINATION UNDER THE ADEA AND THE NYSHRL**

   A. **Standard on a Motion to Dismiss Age Discrimination Claims**

In Plaintiff's Opposition, Plaintiff spends the majority of his argument addressing the standard on a Rule 12(b)(6) motion. The parties do not appear to dispute the pleading requirements under Rule 8 in that Plaintiff needs to plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Porter v. Half Hollow Hills Central School District*, 2019 WL 4696384, *3 (E.D.N.Y. September 26, 2019)(citing *Iqbal*, 556 U.S. at 679). "A pleading that does nothing more than recite bare legal conclusions, however, is insufficient to 'unlock the doors of discovery.'" *Id*. Here, despite having the opportunity to amend the Complaint, Plaintiff still fails to allege in the Amended Complaint a plausible claim of age discrimination under the ADEA and the NYSHRL, requiring dismissal of these claims.

The parties do, however, dispute what Plaintiff needs to allege in the Amended Complaint in order to allege a plausible claim of age discrimination under the ADEA and the NYSHRL. Plaintiff appears to be applying the lesser motivating standard to his claims, as opposed to the "but-for" causality standard applied to age discrimination claims in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009) and its progeny. As set forth by the Second Circuit in *Marcus v. Leviton Manufacturing Company, Inc.*, 661 Fed. Appx. 29, 31-32 (2d Cir. 2016):

> To survive a Rule 12(b)(6) motion to dismiss, a plaintiff asserting an employment discrimination complaint under the ADEA must

> plausibly allege that adverse action was taken against her by her employers, and that her age was the "but-for" cause of the adverse action. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). A plaintiff must plead facts that give "plausible support to a minimal inference" of the requisite discriminatory causality. *Littlejohn v. City of New York*, 795 F.3d 297, 310-11 (2d Cir. 2015). A plaintiff must supply sufficient factual material, and not just legal conclusions, to push the misconduct alleged in the pleading beyond the realm of the "conceivable" to the "plausible." *See Vega*, 801 F.3f at 84 (citing *Iqbal*, 556 U.S. at 678)).

*Id*. (also applying *Gross* standard to claims of age discrimination under the NYSHRL). Thus, the law is clear that in order to plead a claim of age discrimination under the ADEA and the NYSHRL, Plaintiff must plausibly allege that he was subjected to an adverse employment action and that his age was the "but-for" cause of the adverse employment action.[2] *See id.*; *see also Bohnet v. Valley Stream Union Free School Dist. 13*, 30 F.Supp.3d 174, 182-183 (E.D.N.Y. 2014), *aff'd*, 594 Fed. Appx. 53 (2d Cir. 2015); *Porter*, 2019 WL 4696384 at \*6; *Williams v. Classic Security*, 2019 WL 4511953, \*5 (S.D.N.Y. September 19, 2019); *Harewood v. New York City Dept. of Education*, 2019 WL 3042486, \*5-6 (E.D.N.Y. May 8, 2019); *MacAlister v. Millenium Hotels & Resorts*, 2018 WL 5886440, \*5, 7 (S.D.N.Y. November 8, 2018)(all applying *Gross* standard when affirming or granting motion to dismiss ADEA and/or NYSHRL age discrimination claims).

### B. Plaintiff Fails to Allege That But For His Age, He Would Not Have Been Terminated From Employment

As set forth in its moving papers, NYIT does not dispute, for purposes of this motion only, that Plaintiff was subjected to an adverse employment action[3] when NYIT terminated his employment. Plaintiff, however, does not allege any facts that NYIT's termination of his

---

[2] Even if the Court applies the lesser motivating standard to Plaintiff's ADEA and NYSHRL claims, for the reasons set forth in NYIT's moving papers and herein, Plaintiff's age discrimination claims should still be dismissed for failure to state a claim under Rule 12(b)(6).

[3] Contrary to Plaintiff's assertion in his Opposition, nowhere within NYIT's moving papers does NYIT concede that Plaintiff was qualified for his position at NYIT.

employment would not have occurred but for Plaintiff's age. Not only does Plaintiff fail to plead any "direct smoking gun" in the Amended Complaint, as he is admittedly not aware of any such direct evidence of age discrimination by NYIT, but Plaintiff fails to plead any indirect evidence that could support a plausible claim of age discrimination. (Pl. Opp., p. 7). Plaintiff cites to no age-based remarks by anyone at NYIT or to any alleged discriminatory comments that could imply age discrimination. *See Bohnet*, 30 F.Supp.3d 174 at 181. Plaintiff also provides no examples of disparate treatment or discriminatory conduct based on age to allege a plausible claim of age discrimination. *See id*. Plaintiff merely alleges that his termination occurred "[j]ust one month prior to his 67th birthday," which is insufficient to allege a plausible age discrimination claim. *See Testa v. CareFusion*, 2018 WL 1611378, *16 (E.D.N.Y. April 3, 2018).

In his Opposition, Plaintiff argues that "[t]he pretext for discrimination set forth by NYIT is patently evident" and, thus, NYIT's motion to dismiss should be denied. (Pl. Opp., p. 2). To support this argument, Plaintiff relies upon five allegations in the Amended Complaint: (1) Plaintiff allegedly reported to NYIT the alleged physical encounter with a patient in June 2016, but was not terminated until March 2017; (2) NYIT allegedly failed to conduct an investigation of the encounter and failed to provide Plaintiff with a hearing; (3) Plaintiff's termination occurred one month prior to his 67th birthday; (4) two alleged younger employees allegedly received lesser discipline for alleged physical encounters; and (5) four employees were also allegedly subjected to age discrimination at NYIT. (Pl. Opp., pp. 8-9).

Addressing Plaintiff's arguments, even if NYIT became aware of the alleged "physical encounter with a patient" in June 2016, which NYIT denies, yet delayed terminating Plaintiff's employment until March 2017, Plaintiff fails to allege how NYIT's purported delay had anything to do with his age. Plaintiff was 66 years old in both June 2016 and in March 2017. Similarly, even

4

if NYIT failed to conduct an investigation of Plaintiff's alleged physical encounter with a patient, which NYIT denies, Plaintiff does not allege how this serves as evidence of age discrimination. Plaintiff admits in the Amended Complaint that he engaged in the conduct for which he was terminated. (Am. Compl., ¶¶ 10-14). Plaintiff also makes a blanket assertion that he was entitled to a hearing concerning his termination, yet fails to provide any facts alleging the basis for such alleged entitlement or how any alleged failure to provide a hearing serves as evidence of age discrimination. That NYIT renewed Plaintiff's reappointment in September 2014 at the age of 64, within the ADEA-protected age group, for a five-year term negates any argument that NYIT's termination of Plaintiff's employment for admitted misconduct occurred under an inference of age discrimination or was pretextual. *See Soto v. Marist College*, 2019 WL 2371713, *14 (S.D.N.Y. June 5, 2019)(dismissing ADEA claim on a motion to dismiss).

In an attempt to allege disparate treatment, Plaintiff alleges that two "younger" NYIT employees were not "outright terminated despite, upon information and belief, engaging in physical altercations well beyond the altercation Dr. Goldblatt notified NYIT about in June of 2016." (Am. Compl., ¶ 21). While Plaintiff names two individuals who allegedly "received warnings and reprimands from NYIT after NYIT became aware of physical altercations with employees and students," Plaintiff does not allege how he is similarly situated in all material respects to these alleged "younger" NYIT employees. "[A]t the pleading stage, it is insufficient for a plaintiff to make naked assertions of disparate treatment without factual allegations indicating those employees treated differently were similarly situated." *Sosa v. New York City Dept. of Education*, 386 F.Supp.3d 489, 514 (E.D.N.Y. 2019). "To be 'similarly situated,' the individuals with whom [plaintiff] attempts to compare [him]self must be similarly situated in all material

respects." *Brooking v. New York State Dep't of Taxation & Fin*., 2016 WL 3661409, *10 (N.D.N.Y. 2016)(citations omitted).

For example, the Court in *Porter* granted the employer's motion to dismiss the plaintiff's age discrimination claims as the plaintiff failed to allege any facts to plausibly allege that the plaintiff's age was the but-for cause of any adverse action. 2019 WL 4696384 at *7. To support her claims, the plaintiff alleged that she was treated less favorably than younger employees, specifically naming three employees who were purportedly promoted over the plaintiff. The Court concluded that "[b]eyond their names and these generalized comments, the amended complaint contains no specific allegations as to when these actions occurred, what positions they were allegedly given, whether she had applied for these positions, and what made her believe that any decision was made in any way based on her age..." *Id*.

Similarly, while Plaintiff identifies the names of two alleged younger employees who were purportedly treated more favorably than Plaintiff, Plaintiff fails to identify the ages of the alleged NYIT employees (such as whether they were also in the ADEA-protected over-40 age group), the positions they held at NYIT, the circumstances surrounding the alleged "physical altercations," the resulting discipline to which Plaintiff compares his circumstances and the basis for Plaintiff's belief that they were allegedly treated more favorably because of their age. Such blanket assertions from Plaintiff do not support an inference that Plaintiff's age was the but-for cause of his termination, or even that Plaintiff's age had anything to do with his termination.

Finally, Plaintiff alleges that "NYIT has a pattern and practice of treating older employees such as Dr. Goldblatt differently than younger employees," naming four individuals who allegedly

have pursued age discrimination claims against NYIT.[4] (Am. Compl., ¶¶ 24-35). Such a generalized assertion that other older employees were treated less favorably than younger employees is insufficient for Plaintiff to state a claim of age discrimination. *See Soto*, 2019 WL 2371713 at *5 ("Plaintiff's general allegation that two Hispanic professors were terminated in a two-year period while 'less qualified Caucasian instructors continue'… is not sufficiently specific to state a claim"). Again, Plaintiff fails to identify how any of these alleged four individuals are similarly-situated to Plaintiff, such as their ages, positions, timing of termination and reasons for termination. *See Williams*, 2019 WL 4511953 at *5 (granting motion to dismiss when the plaintiff's "conclusory allegation that 'other similarly [situated] employees…under the age of 40 are not reprimanded when its [sic] time for them to go home'…is insufficient to satisfy his burden, at least absent additional facts regarding 'dates, ages, or reasons with respect to the termination [or reprimanding] of other employees.'").

Here, the Amended Complaint is replete with conclusory and speculative allegations that fail to raise an inference of any age-based discrimination. Without any factual allegations to support a plausible claim that Plaintiff's age was the "but-for" cause of his termination from employment at NYIT, Plaintiff's age discrimination claim should be dismissed for failure to state a claim. *See Marcus*, 661 Fed. Appx. at 31-33; *Thompson v. ABVI Goodwill Services*, 531 Fed. Appx. 160 (2d Cir. 2013); *Bohnet*, 30 F.Supp.3d at 180-181; *MacAlister*, 2018 WL 5886440 at *5, 7; *Gonzalez v. Legends Hospitality*, 2017 WL 1166344, *6 (E.D.N.Y. 2017).

---

[4] Plaintiff provides no additional detail in his Affidavit submitted in support of his Opposition. (Pl. Aff., ¶¶ 8, 18).

## II. PLAINTIFF FAILS TO STATE A CLAIM OF BREACH OF A TENURE EMPLOYMENT AGREEMENT REQUIRING ITS DISMISSAL

For the reasons set forth in NYIT's moving papers and herein, Plaintiff's claim for "breach of a tenure employment agreement" should also be dismissed for failure to state a claim. Plaintiff alleges that his employment at NYIT was pursuant to a "tenure employment agreement" and that NYIT breached this alleged agreement, as he "was entitled to certain due process and notice rights and requirements concerning allegations related to his employment and his termination in connection with which he was deprived prior to and following his termination." (Am. Compl., ¶¶ 37-39). Despite failing to annex the alleged tenure employment agreement to the Amended Complaint, Plaintiff submits with his Affidavit two appointment letters for the terms of 1991-1992 and 1994-1996 that indicate that Plaintiff's appointment at NYITCOM "does not jeopardize Dr. Goldblatt's tenured position at New York Institute of Technology, which remains available to him." (Pl. Affidavit, Exs. B and D). Plaintiff also annexes to his Affidavit the June 26, 2014 appointment letter that NYIT submitted in support of its motion. (Pl. Affidavit, Ex. F). Finally, Plaintiff annexes to his Affidavit a July 19, 2007 e-mail to purportedly confirm his status as a tenured employee at that time. (Pl. Aff., Exs. A, E).

Assuming for purposes of this motion only that Plaintiff has identified an agreement confirming that he held a tenured position at NYIT at the time of his termination from NYITCOM based on his prior appointment letters[5], Plaintiff still fails to identify the specific terms within the alleged "tenure employment agreement" that NYIT allegedly breached in order to state a claim of breach of contract. *See Fischer v. Mandell LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011).

---

[5] Thus, contrary to Plaintiff's assertion in his Opposition, for purposes of this motion only, Plaintiff's tenure status is not a material issue of fact precluding dismissal of Plaintiff's breach of tenure employment agreement.

8

While Plaintiff focuses in his Opposition on his tenure status, he glosses over NYIT's argument that Plaintiff needs to plead sufficient facts to plausibly allege that NYIT breached any tenure agreement. Rather, Plaintiff relies on *Oberstein v. SunPower Corp.*, 2010 WL 1705868 (E.D.N.Y. 2010), to support Plaintiff's mistaken belief that he does not have to allege the provisions of the alleged tenure agreement that NYIT allegedly breached in order to state a plausible claim. *Oberstein* does not stand for this proposition. Rather, in *Oberstein*, the Court held that the *pro se* plaintiff stated a plausible breach of contract claim as the plaintiff identified the existence of an agreement in the pleading, as well as identified "several paragraphs that discuss the terms" of the agreement that the defendant allegedly failed to perform. *Id*. at *5-6.

Unlike in *Oberstein*, Plaintiff fails to identify the existence in any agreement of any alleged requirements for NYITCOM to adhere to prior to termination, or which would provide Plaintiff with any "due process" rights before or after his termination. Plaintiff simply makes a conclusory assertion that NYIT's failure to provide him with due process and notice rights constituted a breach of the alleged tenure employment agreement without identifying the specific language that was breached. As Plaintiff fails to identify in the Amended Complaint any essential terms of this alleged agreement that were allegedly breached, Plaintiff's breach of contract claim should be dismissed as a matter of law. *See Martinez v. Vakko Holdings A.S.,* 2008 WL 2876529, *2 (S.D.N.Y. 2008); *Fink v. Time Warner Cable*, 810 F.Supp.2d 633, 644-45 (S.D.N.Y. 2011).

Significantly, Plaintiff completely ignores NYIT's argument that any possible entitlement to tenure that Plaintiff possessed would be subject to the CBA between NYIT and AAUP and, thus, preempted by Section 301 of the LMRA. "Tenure" for an employee of a private employer is not governed by statute, but rather, by contract. In this case, assuming for purposes of this motion that Plaintiff was a "tenured" faculty member, the meaning of tenure and the rights and protections

9

afforded those granted tenure are governed by a contract, specifically the CBA. In his Opposition, Plaintiff does not deny that his alleged grant of tenure was pursuant to the CBA and, in fact, produced a July 19, 2007 e-mail with his Affidavit stating that "Goldblatt [is] AAUP and [is] tenured." (Pl. Aff., Ex. E).

Any claim by Plaintiff that NYIT somehow beached any contract in connection with his alleged entitlement to tenure and/or pre- and post-termination rights and protections would clearly require interpretation of the CBA to assess: (1) what rights and protections, if any, Plaintiff had under the CBA; and (2) whether NYIT violated such rights and/or protections. Thus, Plaintiff's breach of contract claim is preempted by Section 301 of the LMRA, requiring its dismissal. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985); *Avedisian v. Quinnipiac University*, 387 Fed. Appx. 59, 62 (2d Cir. 2010); *Whitehurst v. 1199 SEIU United Healthcare Workers East*, 928 F.3d 201, 206-207 (2d Cir. 2019). Finally, Plaintiff's failure to timely exhaust the grievance and arbitration procedures set forth in the CBA, also requires dismissal of this claim.

## CONCLUSION

For the reasons set forth in NYIT's moving papers and herein, NYIT respectfully requests that this Court grant its motion to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) in its entirety with prejudice and award NYIT such other and further relief as this Court deems just and proper.

Dated: October 17, 2019
New York, New York

Respectfully Submitted,

CLIFTON BUDD & DeMARIA, LLP
*Attorneys for New York Institute of Technology*

By: /s/ Douglas P Catalano
Douglas P. Catalano, Esq.
Stefanie R. Toren, Esq.
Stephen P. Pischl., Esq.

10