UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROBERT GOLDBLATT

                              Plaintiff,

    -against-

NEW YORK INSTITUTE OF TECHNOLOGY

                              Defendant.
------------------------------------------------------------------------X

Docket No: 18-cv-00265 (JMA)(LGD)

**PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

      Plaintiff, Robert Golblatt, pursuant to Fed. R. Civ. P. 72(b), respectfully submits the following objections to Magistrate Judge Lee G. Dunst's Report and Recommendation ("R&R"), dated November 26, 2024 (ECF. No. 61), which recommends granting the motion for summary judgment by Defendant, New York Institute of Technology ("NYIT") seeking dismissal of Plaintiff's Amended Complaint.

## ARGUMENT

**I. Standard of Review**

      Upon receipt of timely filed objections to a report and recommendation, a district court must review *de novo* those portions of the report to which objections are made, and may accept, reject, or modify the findings or recommendations made by the magistrate judge. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). Even with regard to those sections to which there is no objection, a district court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) (advisory committee notes).

Further, district courts must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Although the Magistrate claims to have done so, the R&R suggests otherwise.

**II. The Magistrate Judge Erred in Dismissing Plaintiff's Claims on the Basis That No Triable Issue of Fact as to Pretext Had Been Established.**

It is well established that under the McDonnell Douglas framework, Plaintiff has established a prima facie case of age discrimination by showing that: (1) he is in a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the position was filled by someone younger. *See* McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Furthermore, under the New York State Human Rights Law, age discrimination claims are evaluated more liberally, and any adverse action motivated by age bias is actionable. See *Matter of State Division of Human Rights v. GTE Directories Corp.*, 55 N.Y.2d 146 (1982).

The R&R fails under the above-referenced framework because it ignores the fact that age need not be the sole reason for the adverse employment action, but rather one of the motivating factors. See Chavez v. New York City Dept. of Correction, 2008 N.Y. Slip Op. 02518 (1st Department. 2008.) A judgment sought should be rendered *only* if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to *any* material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). *Emphasis supplied*.

Although the R&R restates language derived from the Court's prior decision denying NYIT's motion to dismiss, that "smoking guns" in discrimination matters are rarely exposed, the R&R errs greatly in ignoring that position's intended meaning. Granted, NYIT's summary

2

judgment motion was filed after the completion of discovery whereas the Court's prior decision occurred before. However, it appears as if the R&R was under the expectation that discovery should have uncovered a "smoking gun" and that without the same, then no claim for discrimination can be established. The R&R suggests e-mails or documentation reflecting intended age discrimination should have been acquired to show that age was one motivating factor in NYIT's decision to terminate plaintiff. The R&R, fails to appreciate that such documentation is not only within the hands of Defendant and, thus, out of Plaintiff's control as to whether such documentation is exchanged or uncovered, but also the fact that discriminating persons do not necessarily reduce their ideologies and or intentions to writing. Not surprisingly, none of the deponents in this action expressed willingness to state on record that their decision making was based on discriminatory animus. This is why it is imperative where there is material issue of fact for the Court to allow a Plaintiff his or her day in Court. In doing so, the veracity of each witness and party is tested, allowing a trier of fact to determine whether the conflicting positions should be decided upon in one party's favor over the other.

To the above-referenced point, the R&R even acknowledges on multiple occasions that the parties had different recollections of events. For example, the R&R acknowledges that Dr. Harper and Dr. Goldblatt disagree as to what was discussed between them on in June 2016 following the incident with Dr. Goldblatt's patient. *See* R&R pg. 3. The recommendation to dismiss Plaintiff's claims at the summary judgment stage, given the acknowledged inconsistencies in the parties' recollections, is therefore improper. The R&R ignores entirely that Dr. Goldblatt testified that he informed Dr. Harper of the contact made with the patient in June 2016 and that this testimony was provided in Plaintiff's opposition to NYIT's motion.

**III**. **The R&R Errs in Taking the Position that the Irregular Investigation Did Not Infer That Discriminatory Animus Was at Least One of the Motivating Factors in Terminating Plaintiff.**

Although the R&R acknowledges that there was a litany of examples provided by Plaintiff supporting the position that the investigation conducted by NYIT was improper, the R&R refuses to accept even the possibility that such irregularities were fueled by discriminatory animus in any measure.

The R&R also ignores certain facts that suggest pretext. For example, In January of 2017, Dr. Goldblatt received a Clinical Faculty Agreement to review and sign. Goldblatt Aff. 14; *See also* Toren Aff., Ex. E. This agreement, however, was backdated to reflect a time frame five months prior and notably was prepared and given to Plaintiff to sign in or around the time that the alleged investigation into claims by the prior patient took place. *See Id. see also* Tsonis Aff., Ex. B., pg. 162, lines 3-23.

In addition to this, the R&R practically acknowledges, citing *DeFina v. Meenan Oil Co.*, 924 F. Supp. 2d 423, 435 (E.D.N.Y. 2013) , that NYIT's investigation was imperfect but that this does not give rise to discrimination. However, the question raised by Plaintiff in establishing pretext is whether or not the investigation comported with what NYIT has done with other similarly situated individuals. The record indicates that the investigation, however, was indeed abnormal. *See* Glodblatt Memo of Law, pgs. 5-7. The list of admitted differences between NYIT's normal investigatory practices and the investigation of Plaintiff is something that should be preserved for a trier of fact, particularly because discrimination is typically established through "bits and pieces" as acknowledged in the Court's prior Decision on motion to dismiss.

**IV. THE R&R Errs and Oversteps in Giving Its Own Meaning to Plaintiff's Notes.**

Throughout the R&R, the Magistrate consistently relies on the notes prepared by Dr. Goldblatt following the incident with his patient in June of 2016 as a basis to support its recommendation that NYIT satisfied the second and third prongs of the *McDonnel Douglas* framework.

However, if it is the obligation this Court to accept Plaintiff's allegations as true for purposes of the motion, then it is also the Court's obligation to accept Plaintiff's explanation and interpretation of his own recorded notes. Per Dr. Goldblatt's uncontested testimony, the interaction with his patient involved physical contact, but reactionary in nature by Dr. Goldblatt. The R&R however appears to suggest that Dr. Goldblatt partook in inappropriate physical contact with intended purpose and relies on Dr. Goldblatt's statement that a line was crossed by doctor and patient to support its own interpretation of Dr. Goldblatt's notes. It appears the R&R does not want to consider the possibility of giving Dr. Goldblatt the benefit of the doubt, as this Court is required to do. Furthermore, Dr. Goldblatt's explanation of what took place has not been successfully opposed by NYIT. They did not ultimately interview the patient; they took her word from nothing more than hearsay; and they did not properly solicit Dr. Goldblatt's position either by coercing him to subsequently explain the events to NYIT's lawyer without an attorney of his own present. It is these "bits" and "pieces" when put together that should preclude summary judgment and that should entitle both parties to a day in Court where the veracity of everyone's statements can be determined.

**V. The R&R ignores Plaintiff's argument that the alleged age discrimination is supported by NYIT's wish to replace Dr. Goldblatt's high salary.**

Additionally, the R&R errs in suggesting that certain NYIT's actions preclude the concept

5

that age discrimination became a motivating factor in terminating Dr. Goldblatt. The R&R points out that Dr. Goldblatt had his contract extended at the age of 64 and that his replacement at NYIT is also in the protected class. What the R&R ignores, however, is the financial benefit to NYIT derived from terminating someone with Dr. Goldblatt's approximately 30 year employment with NYIT. The salary earned by Dr. Goldblatt comes with age and experience. It was admitted by NYIT that Dr. Goldblatt's salary was high, that his replacement came at a lower cost to NYIT, and that the decision-maker to terminate Dr. Goldblatt was also tasked with school financial matters and budgets. NYIT's opportunity to terminate Dr. Goldblatt without any due process that would have otherwise been afforded him because of his tenure, and replace him with a younger and less expensive employee is advantageous to NYIT. The disadvantage of having Dr. Goldblatt's salary on the books is a byproduct of Dr. Goldblatt's age. An inference should therefore have been drawn by the R&R that if cost savings was a motivating factor in administering the adverse employment action against Dr. Goldblatt, then alongside the same was age-related discriminatory animus.

## **CONCLUSION**

The Court is respectfully requested to ignore the Magistrate's R&R in determining NYIT's pending motion for summary judgment.

Dated: Syosset, New York
　　　December 10, 2024

　　　　　　　　　　　　　　　　　　　GREGORY A. TSONIS, PLLC

　　　　　　　　　　　　　　　　By: _____/S/_____
　　　　　　　　　　　　　　　　　　Gregory A. Tsonis (GT-5737)
　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
　　　　　　　　　　　　　　　　　　6800 Jericho Turnpike, Suite 120W
　　　　　　　　　　　　　　　　　　Syosset, NY 11797