UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

ROBERT GOLDBLATT

                    Plaintiff,                18-cv-00265 (JMA)(LGD)

     -against-


NEW YORK INSTITUTE OF TECHNOLOGY

                    Defendant.
--------------------------------------------------------------x


**DEFENDANT'S RESPONSE TO PLAINTIFF'S WRITTEN OBJECTIONS
TO MAGISTRATE JUDGE DUNST'S REPORT AND RECOMMENDATION**


                                      CLIFTON BUDD & DeMARIA, LLP
                                      *Attorneys for Defendant New York Institute of Technology*
                                      The Empire State Building
                                      350 Fifth Avenue, 61st Floor
                                      New York, New York 10118
                                      (212) 687-7410


Counsel:
Douglas P. Catalano, Esq.
Stefanie R. Toren, Esq.


Date of Service: December 24, 2024

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT…………………………………………………………………...1

ARGUMENT…………………………………………………………………………………...2

I.    STANDARD OF REVIEW WHEN REVIEWING A MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION…………………………………………………………...2

II.   MAGISTRATE JUDGE DUNST CORRECTLY HELD IN THE R&R THAT THERE ARE NO GENUINE, MATERIAL ISSUES OF FACT THAT PRECLUDE SUMMARY JUDGMENT OF PLAINTIFF'S AGE DISCRIMINATION CLAIMS…………………..3

      A. Magistrate Judge Dunst Applied the Proper Standard in Evaluating and Granting NYIT's Motion for Summary Judgment………………………..……………………..3

      B. Magistrate Judge Dunst Considered All of Plaintiff's Arguments and Properly Held That There Are No Genuine Issues of Material Fact That Preclude Summary Judgment…………………………………………………………………………...6

            1.  The Investigation…………………………………………………………7

            2.  Plaintiff's Additional Alleged Evidence of Pretext…………………………...9

CONCLUSION…………………………………………………………………………..12

# TABLE OF AUTHORITIES

## Cases

*Bassett v. Electronic Arts, Inc.*,
　　93 F.Supp.3d 95 (E.D.N.Y. 2015)……………………………………………….2-3

*Brod v. Omya, Inc.*,
　　653 F.3d 156 (2d Cir. 2011))……………………………………………………....5

*DeFina v. Meenan Oil Co.*,
　　924 F.Supp.2d 423 (E.D.N.Y. 2013)……………………………………………...7, 10

*Fu v. Consolidated Edison Company of New York, Inc.*,
　　855 Fed.Appx. 787 (2d Cir. 2021)………………………………………………..4

*Gross v. FBL Fin. Servs., Inc.*,
　　557 U.S. 167 (2009)………………………………………………………………4

*Hernandez v. Coughlin*,
　　18 F.3d 133 (2d Cir. 1994)………………………………………………………...3

*Jeffries v. Verizon*,
　　10–CV–2686 (JFB) (AKT), 2012 WL 4344188 (E.D.N.Y. Sept. 21, 2012)…………......2

*McEvoy v. Fairfield University*,
　　844 Fed.Appx. 420 (2d Cir. 2021)………………………………………………..11

*McPherson v. New York City Dep't of Educ.*,
　　457 F.3d 211 (2d Cir. 2006)………………………………………………………10

*Parris v. Acme Bus Corp.*,
　　956 F.Supp.2d 384 (E.D.N.Y. 2013)…………………………………………...….2

*Rimpel v. AdvantageCare Physicians*, P.C.,
　　486 F.Supp.3d 625 (E.D.N.Y. 2020)……………………………………………....5

*Rodriguez v. City of New York*,
　　644 F.Supp.2d 168 (E.D.N.Y. 2008)……………………………………………....7

*Testa v. CareFusion*,
　　305 F.Supp.3d 423 (E.D.N.Y. 2018)……………………………………………..4, 11

*Woodman v. WWOR TV, Inc.*,
　　411 F.3d 69 (2d Cir. 2005)…………………………………………………….5, 11

**<u>Statutes</u>**

28 U.S.C. § 636(b)(1)(C)……………………………………………………………..2-3

## PRELIMINARY STATEMENT

Defendant New York Institute of Technology ("NYIT" or "Defendant") submits this memorandum of law in response to Plaintiff Robert Goldblatt's ("Plaintiff") written objections to the Honorable Lee G. Dunst's Report and Recommendation, dated November 26, 2024 ("R&R"), which granted NYIT's motion for summary judgment and dismissed Plaintiff's Amended Complaint (the "Complaint") with prejudice in its entirety. For the reasons set forth in the R&R, NYIT's papers submitted in support of its motion for summary judgment[1] and herein, NYIT respectfully submits that the Court should adopt the R&R as Plaintiff has failed to raise a triable issue of fact concerning his claim that NYIT discriminated against Plaintiff based on his age when it terminated his employment in March 2017, in purported violation of the Age Discrimination in Employment Act ("ADEA") and the New York State Human Rights Law, N.Y. Exec. Law § 296(3-a)("NYSHRL").

Magistrate Judge Dunst correctly held that Plaintiff has failed to present any evidence to even remotely suggest that Plaintiff's termination for committing serious professional misconduct in the course of his clinical duties had anything to do with his age other than references to the fact that Plaintiff was terminated at the age of 66. Plaintiff does not cite to any evidence in the record of derogatory or disparaging age-based remarks, disparate treatment or any other examples of age-based animus on behalf of the individuals who investigated the patient's (the "Patient") complaint that Plaintiff engaged in inappropriate sexual contact with her during a treatment session or who were involved with the decision to terminate Plaintiff's employment. Instead, Plaintiff unsuccessfully attempts to argue that there is pretext for age discrimination by trying to poke holes

---

[1] NYIT respectfully refers the Court to its motion papers, including NYIT's Statement Pursuant to Local Civil Rule 56.1, for a complete recitation of the facts in this case and NYIT's legal argument in support of its summary judgment motion.

in NYIT's investigation of the Patient's complaint and asserting that NYIT delayed in investigating Plaintiff's June 2016 encounter with the Patient, without Plaintiff presenting any evidence connecting these actions to Plaintiff's age.

By Plaintiff's own admission at his deposition, he has no evidence to support a claim of age discrimination, simply believing that he was terminated because of his age as "there seemed to be no other reason to me." P. 200:4-11. Such speculation, without any other evidence, is simply insufficient to defeat NYIT's motion for summary judgment. Thus, based on the uncontroverted evidence in the record, a rational jury could not conclude that "but for" Plaintiff's age, he would not have been terminated or that his termination was in any way motivated by Plaintiff's age. As a result, NYIT respectfully requests that the Court adopt Magistrate Judge Dunst's R&R.

## **ARGUMENT**

### I.  **STANDARD OF REVIEW WHEN REVIEWING A MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

"A district court reviewing a magistrate judge's recommended ruling 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Bassett v. Electronic Arts, Inc.*, 93 F.Supp.3d 95, 100 (E.D.N.Y. 2015)(quoting 28 U.S.C. § 636(b)(1)(C)). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Parris v. Acme Bus Corp.*, 956 F.Supp.2d 384, 387-388 (E.D.N.Y. 2013)(citing *Jeffries v. Verizon*, 10–CV–2686 (JFB) (AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012) and 28 U.S.C. § 636(b)(1)(C)). "The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no

clear error is apparent from the face of the record." *Bassett*, 93 F.Supp.3d at 100 (citing 28 U.S.C. § 636(b)(1)(C)). However, as is the case here, "[t]he clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments." *Id*. (citations omitted).

For the reasons set forth in the R&R, NYIT's motion papers and herein, Magistrate Judge Dunst correctly held that Plaintiff failed "to show that there is a genuine issue of material fact that prevents summary judgment" and, as such, properly dismissed Plaintiff's age discrimination claims under the ADEA and NYSHRL. R&R, p. 12. Accordingly, NYIT respectfully submits that the Court should adopt the R&R.

## II. MAGISTRATE JUDGE DUNST CORRECTLY HELD IN THE R&R THAT THERE ARE NO GENUINE, MATERIAL ISSUES OF FACT THAT PRECLUDE SUMMARY JUDGMENT OF PLAINTIFF'S AGE DISCRIMINATION CLAIMS

### A. Magistrate Judge Dunst Applied the Proper Standard in Evaluating and Granting NYIT's Motion for Summary Judgment

At the outset, Magistrate Judge Dunst did not err by failing to "accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994)(deciding motion to dismiss); Pl. Obj., p. 2. This is not the standard to evaluate a summary judgment motion, but rather, the lower standard to evaluate a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Magistrate Judge Dunst applied the proper summary judgment standard in evaluating and granting NYIT's motion for summary judgment, noting that the "key is whether there is sufficient evidence in the record from which a reasonable trier of fact could find in favor of plaintiff on the ultimate issue – that is, whether the record contains sufficient evidence to support an inference of

discrimination." R&R, p. 10 (citing *Testa v. CareFusion*, 305 F.Supp. 3d 423, 431-432 (E.D.N.Y. 2018)).

Plaintiff then argues that Magistrate Judge Dunst suggested that Plaintiff should have presented evidence of a "smoking gun" in order to defeat NYIT's summary judgment motion. Pl. Obj., pp. 2-3. Magistrate Judge Dunst suggested no such thing in the R&R. What Plaintiff ignores is that once NYIT articulated a legitimate, nondiscriminatory reason for its decision to terminate Plaintiff's employment, it is *Plaintiff's burden* "to prove that the employer's reason was in fact pretext for discrimination." *Fu v. Consolidated Edison Company of New York, Inc.*, 855 Fed.Appx. 787, 789-790 (2d Cir. 2021). Contrary to Plaintiff's assertion, in the context of age discrimination claims under the ADEA and the NYSHRL, a plaintiff needs to demonstrate more than that age was a "motivating" factor in an adverse employment action to establish pretext. *Testa*, 305 F.Supp.3d at 431 (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009)). Rather, Magistrate Judge Dunst correctly noted that in ADEA and NYSHRL[2] age discrimination claims Plaintiff must demonstrate, without the "benefit of any presumptions" of discrimination, that "a reasonable jury could conclude by a preponderance of the evidence that [his] age was a 'but for' cause" for the adverse employment action." *Id.* at 431; *see* R&R, p. 10.

Thus, Plaintiff must put forth some evidence in the record to support Plaintiff's assertion that his age was a "but for" cause of his termination from NYIT. Magistrate Judge Dunst correctly opined that "[t]he evidence presented by the Court falls far below the aforementioned legal standard to show that there is a genuine issue of material fact that prevents summary judgment at this time." R&R, p. 12. As evidence of this is the fact that when questioned about why Plaintiff believed that age was the reason for his termination, Plaintiff testified, "there was no other reasons

---

[2] Plaintiff commenced this action prior to amendments to N.Y. Exec. Law § 300.

4

of the gap in the –there was no – there seemed to be no other reason to me." R&R, p. 12 (citing

ECF No. 56-18 at 200:4-11). It is simply insufficient for Plaintiff to merely rely on speculative,

conclusory allegations as his evidence to prove that he was discharged because of his age. R&R,

p. 12; *see Woodman v. WWOR TV, Inc.*, 411 F.3d 69, 85 (2d Cir. 2005).

The R&R further evaluated the alleged evidence that Plaintiff contended supported his

claim that he was terminated because of his age and properly held that such evidence was

insufficient to defeat NYIT's summary judgment motion:

> The sum total of Plaintiff's argument is that Plaintiff's replacement
> by a younger employee, combined with a faulty investigation into
> the June 3 Incident regarding physical contact between Plaintiff and
> the Patient, create a genuine issue of material fact which prevents
> summary judgment. But as discussed, Plaintiff's grievances with the
> process (even if true) are ultimately irrelevant. *DeFina*, 924 F. Supp.
> 2d at 435. And the other facts fail to show age discrimination.
> Rather, the evidence demonstrates that (1) no one at NYIT made
> disparaging comments to Plaintiff about his age; (2) Plaintiff
> received a favorable employment decision and favorable reviews
> just prior to the early 2017 investigation; (3) Plaintiff was replaced
> by another member of the protected class; (4) the decisionmakers
> who fired Plaintiff were also members of the protected class; and (5)
> NYIT did not treat younger, similarly situated employees more
> favorably.

(R&R, p. 18).

Moreover, to the extent that Plaintiff attempts to argue that the R&R ignores the fact that

the parties had different recollections of the events at issue, "[t]he role of the court is not to resolve

disputed issues of fact but to assess whether there are any factual issues to be tried." *Rimpel v.

AdvantageCare Physicians*, P.C., 486 F.Supp.3d 625, 632 (E.D.N.Y. 2020)(citing *Brod v. Omya,

Inc.*, 653 F.3d 156, 164 (2d Cir. 2011)). Here, contrary to Plaintiff's assertion, Magistrate Judge

Dunst did not resolve any disputed issues of fact to reach the conclusion that there were no factual

issues to be tried to resolve Plaintiff's age discrimination claims. Significantly, in deciding NYIT's

motion, Magistrate Judge Dunst assumed, without deciding, that Plaintiff satisfied his burden of setting forth a *prima facie* case of age discrimination under the ADEA and the NYSHRL, a benefit to Plaintiff.[3] R&R, p. 10. In addition, when faced with certain factual disputes in this case, Magistrate Judge Dunst accepted Plaintiff's representations concerning the factual events as true for purposes of NYIT's motion and still found no evidence of age discrimination. R&R, pp. 2, 14-15. For example, Magistrate Judge Dunst did not ignore Plaintiff's testimony that he reported the Patient's conduct to Dr. Harper in June 2016 as Plaintiff suggests. Pl. Opp., p. 3. Magistrate Judge Dunst in the R&R specifically addressed this issue, noting "the Court accepts Plaintiff's representation that he recounted the full nature of the June 3 Incident to Dr. Harper in June 2016." R&R, p. 14, n.4. Magistrate Judge Dunst properly held, however, that the connection between the alleged delay in the investigation and Plaintiff's age was speculative, particularly in light of the undisputed evidence that NYIT commenced an investigation after receipt of the Patient's complaint in February 2017. R&R, p. 14.

### B. Magistrate Judge Dunst Considered All of Plaintiff's Arguments and Properly Held That There Are No Genuine Issues of Material Fact That Preclude Summary Judgment

Plaintiff argues in his Objections that Magistrate Judge Dunst erred by failing to properly consider and give credit to Plaintiff's arguments presented in opposition to NYIT's motion for summary judgment. The R&R confirms, however, that Magistrate Judge Dunst conducted a careful and thorough analysis of Plaintiff's arguments and found them to be either speculative or inconsistent with the undisputed material facts in the record.

---

[3] For the reasons set forth in its moving papers, NYIT maintains its position that Plaintiff has not satisfied his burden to establish a *prima facie* case of age discrimination as he was not qualified for his position and he has not presented any evidence that NYIT terminated his employment under circumstances that create an inference of age discrimination.

1. <u>The Investigation</u>

Plaintiff argues that Magistrate Judge Dunst acknowledged that NYIT's investigation of the Patient's complaint was "imperfect" and, as such, should have allowed a jury to determine whether this served as evidence of age discrimination. Magistrate Judge Dunst made no such acknowledgment in the R&R. Rather, the R&R notes that "'[e]ven construing all inferences in plaintiff's favor, the evidence merely suggests that defendant[] conducted an imperfect investigation,' not that animus was at play." R&R, pp. 14-15 (citing *DeFina v. Meenan Oil Co.*, 924 F.Supp.2d 423, 435 (E.D.N.Y. 2013)). This Court has recognized, however, "that the fact that an employee disagrees with the results of an employer's decision regarding termination, or even has evidence that the decision was objectively incorrect *or was based on a faulty investigation*, does not automatically demonstrate, by itself, that the employer's proffered reasons are a pretext for termination." *Rodriguez v. City of New York,* 644 F.Supp.2d 168, 187 (E.D.N.Y. 2008)(emphasis added). It is Plaintiff's failure to present any other evidence from which to infer age discrimination that precludes summary judgment.

There is also no evidence in the record that NYIT's investigation of the Patient's complaint was somehow "abnormal." Pl. Obj., p. 4. The undisputed evidence in the record confirms that the Patient's complaint of inappropriate touching by a NYIT medical provider was not common. Dr. Balentine testified that he was not aware of similar complaints between November 2014 and 2019. *See* 56.1, ¶¶ 111-112. Plaintiff also misinterprets Thompson's testimony that there might be one complaint per year by a patient *or a student* against a NYIT physician or faculty member concerning a physical touching. Tsonis Aff., Ex. D, pp. 67:15-68:21. In addition, Thompson and Dr. Harper did not simply interview Plaintiff. They also interviewed Dr. Leder. *See* 56.1, ¶ 53. Again, Plaintiff corroborated the Patient's report to Dr. Leder, eliminating the need to interview

the Patient, who continued to insist on remaining anonymous. *See* 56.1, ¶¶ 55-56. Additionally, the fact that Dr. Harper and Thompson did not provide Plaintiff with advance notice of the subject of their investigatory interview does not create pretext. This is common practice during an investigation so that the interviewee does not have time to speak with others or prepare responses to investigation questions. Similarly, during a work-related investigation of employee misconduct, even by NYIT's in-house counsel acting as an investigator, Plaintiff had no right to have counsel present nor is that common practice. Again, there is no evidence that Dr. Harper and Thompson approached the investigation with any age-based bias as Thompson testified that he was initially "skeptical" of the Patient's complaint at the time he interviewed Plaintiff and Dr. Harper testified that he was "shocked" by Plaintiff's admissions during the interview.

Plaintiff contends in his Objections that the question raised by the alleged "imperfect" investigation is "whether or not the investigation comported with what NYIT has done with other similar situated individuals." Pl. Obj., p. 4. The fatal flaw to this argument is that Plaintiff failed to present any evidence in the record of other employees who engaged in similar sexual misconduct with a Patient, were subject to an investigation by NYIT and were not terminated from employment. The R&R correctly notes that "Plaintiff's Opposition Brief makes almost no mention of the disparate treatment argument." R&R, p. 17, n.7. With respect to the alleged comparators referenced in the Amended Complaint, the R&R correctly concluded that the comparators were either not similarly-situated or older than Plaintiff, defeating Plaintiff's claim that he was treated differently because of his age. R&R, pp. 17-18.

2. <u>Plaintiff's Additional Alleged Evidence of Pretext</u>

Plaintiff's argument that Magistrate Judge Dunst ignored the fact that the Clinical Faculty Agreement was received and signed by January 2017, retroactive to September 2016, also does not serve as evidence that the R&R should be rejected. Not only does the R&R address this issue, but the R&R properly gave no credibility to this argument as it is undisputed in the record that Plaintiff signed the Clinical Faculty Agreement one month prior to the Patient's complaint to Dr. Leder, which undisputedly triggered NYIT's investigation of the Patient's complaint. R&R, p. 16, n.5. Plaintiff's argument that this somehow serves as evidence of pretext makes no sense. Plaintiff was still under the five-year appointment letter concerning his employment at NYIT, which he entered into at the age of 64. The Clinical Faculty Agreement only applied to his appointment at AHC, part of his role at NYIT.

Another argument raised by Plaintiff as evidence of pretext that was considered and properly rejected by Magistrate Judge Dunst in the R&R is the purported delay between when Plaintiff claimed to have notified Dr. Harper of the incident with the Patient in June 2016 and his termination in March 2017. As set forth in the R&R, "Plaintiff offers no evidence beyond his own speculation to support the contention that the investigation was initiated because of his age…Defendant, by contrast, has produced uncontested evidence showing that the investigation was initiated in response to a complaint by the Patient to her new clinician in early 2017." R&R, pp. 13-14. There is also no evidence in the record that anyone at NYIT other than allegedly Dr. Harper, which NYIT denies, were made aware of the June 2016 incident until after the Patient's complaint in February 2017. *See* 56.1, ¶¶ 69-70. It was only after Dr. Balentine learned of the Patient's complaint from Dr. Harper's February 2017 report that he promptly initiated NYIT's investigation and recommended termination based on what was reported to him from the

investigation. *See* 56.1, ¶¶33-50, 77-82, 102-118. Even assuming that Plaintiff's assertion that Dr. Harper waited on elevating the June 2016 incident to his supervisors and NYIT's Legal and Human Resources departments until February 2017 is true, which NYIT denies, Plaintiff has not presented any evidence that such a decision was due to any age-based animus.

Contrary to Plaintiff's assertion, Magistrate Judge Dunst did not inappropriately rely on Plaintiff's contemporaneous treatment notes in reaching his decision to grant summary judgment. Pl. Obj., p. 5. The R&R correctly notes that "Plaintiff's own contemporaneous notes of the June 3 Incident confirm the recollections of Dr. Harper and Thompson that Plaintiff admitted in February 2017 to making contact with the Patient's breasts and that Dr. Harper and Thompson reported that information to those who had the power to recommend Plaintiff's termination." R&R, p. 15. However, the R&R also correctly notes that Plaintiff's version of the June 3 Incident as testified to at his deposition, including Plaintiff's testimony that his "contact with the Patient's chest was unintentional is irrelevant to the question of whether discrimination was afoot." *Id*. It is undisputed that the individuals "involved in the decision to fire Plaintiff (Dr. Shoureshi, Dr. Balentine and Dean Gilliar) relied on evidence that they believed at the time was uncontroverted – specifically, that Plaintiff had admitted to touching the Patient's breasts during therapy." *Id*. "Plaintiff has not provided any evidence that the decisionmakers at NYIT, after speaking with Plaintiff, disbelieved the Patient's story, which ultimately proves fatal to Plaintiff's argument." *Id*. (citing *McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006)). As correctly noted by Magistrate Judge Dunst, "[t]he question in any discrimination case is not whether defendant's decision to fire plaintiff was correct but whether it was discriminatory." *Id*. (citing *DeFina*, 924 F. Supp. 2d at 435)).

Finally, while Magistrate Judge Dunst does not specifically address Plaintiff's argument that replacing Plaintiff with a younger employee allegedly resulted in a financial benefit to NYIT, the R&R properly held that the fact that Plaintiff may have been replaced by a younger employee in the same protected class is insufficient without additional evidence of age discrimination to establish pretext. R&R, pp. 12-13, n.3; *see McEvoy v. Fairfield University*, 844 Fed.Appx. 420, 422 (2d Cir. 2021); *Testa*, 305 F.Supp.3d at 436. Any argument by Plaintiff that NYIT terminated his employment because they wanted a younger employee in his position that they could pay a lower salary is purely based on speculation and not supported by the record. *See Woodman*, 411 F.3d at 85 (2d Cir. 2005). Dr. Balentine confirmed that NYITCOM, including the AHC, did not have financial concerns at the time. 56.1 Statement, ¶¶ 24, 26. In addition, during his time as Vice President, Dr. Balentine never made the decision to let go of any treating providers or faculty members in order to reduce costs in the AHC or at NYITCOM. 56.1 Statement, ¶ 26.

The overwhelming evidence weighs against any inference of discriminatory intent based on age and, as such, no reasonable jury could conclude that Plaintiff's age was the "but for" cause of his termination. Even assuming Plaintiff's version of the events as true for purposes of NYIT's motion only and that NYIT reached the wrong conclusion that the touching was mutual, Plaintiff still admits that he put himself in a position that resulted in his touching his patient's breasts. There is absolutely no evidence in the record connecting NYIT's alleged misinterpretation of Plaintiff's interview and alleged excessive discipline to Plaintiff's age. Defeating Plaintiff's claims, he has not proven that "but for" his age he would not have been terminated. As there is no evidence that NYIT's decision was based on any improper age-based considerations or motivated at all by age, Magistrate Judge Dunst properly held that Plaintiff failed to establish a claim of age discrimination under the ADEA and NYSHRL. Accordingly, NYIT

respectfully submits that the Court should adopt the R&R and the Amended Complaint should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth in Magistrate Judge Dunst's R&R, NYIT's motion papers submitted in support of its motion for summary judgment and herein, NYIT respectfully requests that the Court adopt Magistrate Judge Dunst's R&R that granted NYIT's motion for summary judgment and dismissed the Amended Complaint with prejudice, and award such other and further relief as the Court deems just and proper.

Dated: December 24, 2024
   New York, New York

<div style="margin-left:40%">

Respectfully submitted,
CLIFTON BUDD & DeMARIA, LLP
*Attorneys for Defendant New York Institute of Technology*

By: _____
  Douglas Catalano
  Stefanie Toren
  The Empire State Building
  350 Fifth Avenue, 61st floor
  New York, New York 10118
  (212) 687-7410
  dpcatalano@cbdm.com
  srtoren@cbdm.com

</div>